WILLIAM G. REHBEIN, Respondent, v. MAX GELBERG, etc., Appellant, and Others, Defendants.— The complaint is framed in equity to reach the avails of plaintiff's interest in real property. The brokerage contract set up in the complaint seems to be proffered by the plaintiff as evidence of his ownership of one-half of the property. When it appeared in the course of the trial that the complaint was dismissed as against the owners of the property, the defendant's counsel claimed that he was entitled to a jury trial if there was a cause of action stated at law for brokerage, and the same point was made at the end of plaintiff's case. The judgment cannot be

---

* See Consol. Laws, chap. 41 (Laws of 1909, chap. 45), § 65 et seq.— [REP.

sustained as an action in equity, because the court found in effect that the plaintiff had no interest in the property. These findings were made at the request of the defendant, and are inconsistent with the decision of the court contained in the second finding of fact. As upon appeal in the case of contradictory findings those most favorable to the appellant must be taken as the decision of the court, it is obvious that the judgment cannot be sustained as upon a cause of action to recover from the defendant Gelberg the avails of the plaintiff's interest in the property which Gelberg holds as trustee. Neither can the judgment be sustained as upon a cause of action at law for brokerage, as this is not the cause of action stated in the complaint and the defendant's counsel insisted upon the right to a jury trial if plaintiff attempted to claim a cause of action at law. Judgment reversed and a new trial granted, costs to abide the final award of costs. Jenks, P. J., Thomas, Mills, Putnam and Blackmar, JJ., concurred.